## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FRANZ REUCHLEIN,<br><br>            Plaintiff,<br><br>    v.<br><br>APRIL WHITE, Acting Director; WESLEY RENFROW, Director Transit; and JAMIE ACTON, Director Transit,<br><br>            Defendants. | Case No. 3:23-cv-00211-JMK |

### ORDER OF DISMISSAL

On September 13, 2023, self-represented litigant, Franz Reuchlein ("Plaintiff") filed a complaint, civil cover sheet, and an application to waive the filing fee.[1] On October 25, 2023, the Court sent Plaintiff a Standing Order for Self-Represented Litigants,[2] which was returned to the Court as undeliverable on January 12, 2024.[3] To date, Plaintiff has not otherwise contacted the Court regarding this case.

The Local Civil Rules require parties to provide current contact information to the Court and all parties.[4] The Court may dismiss an action for failure to comply

---

[1] Dockets 1-3.

[2] Docket 4.

[3] Docket 5.

[4] *See* Local Civil Rules 11.1(b)(2) (requiring self-represented parties must keep the court and other parties advised of the party's current address and telephone number") and 11.1(b)(3)

with a local rule[5] or failure to comply with any order of the Court.[6] Before dismissing a complaint for failure to comply with an order or local rule, courts in the Ninth Circuit must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[7] Though not strictly required, it is "preferred" that a court "make explicit findings in order to show that it has considered these factors."[8]

Having considered these factors, this case must be dismissed. Dismissal without prejudice "minimizes prejudice to a defendant and preserves a plaintiff's ability to seek relief."[9] The Court finds no other lesser sanction to be satisfactory or effective in this case.[10]

---

(allowing the Court to dismiss a case when a self-represented party fails to update their address and any orders or other mail is returned as undeliverable).

[5] *Thompson v. Housing Auth. of L.A.,* 782 F.2d 829, 831 (9th Cir. 1986).

[6] Federal Rule of Civil Procedure 41(b). *See also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

[7] *See Ferdik,* 963 F.2d at 1260–61 (first citing *Thompson v. Housing Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986); and then citing *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986)).

[8] *Id.*

[9] *Alli v. City and County of San Francisco*, 2022 WL 3099222 (N.D. Cal. 2022) (internal citations omitted).

[10] *See, e.g., Henderson,* 779 F.2d at 1424 (a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives) (internal citation omitted); *Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. 2013) (finding dismissal under Rule 41(b) appropriate where the court previously

Case No. 3:23-cv-00211-JMK, *Reuchlein v. White, et al.*
Order of Dismissal
Page 2 of 3
Case 3:23-cv-00211-JMK   Document 6   Filed 01/16/24   Page 2 of 3

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. All pending motions are **DENIED AS MOOT.**

3. The Clerk of Court shall issue a final judgment.

DATED this 16th day of January, 2024, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

attempted the lesser sanction of issuing an order to show cause and giving the plaintiff an additional opportunity to re-plead).

Case No. 3:23-cv-00211-JMK, *Reuchlein v. White, et al.*
Order of Dismissal
Page 3 of 3
Case 3:23-cv-00211-JMK   Document 6   Filed 01/16/24   Page 3 of 3